**In re Patrick Nelson CRUTH, Debtor.**

**Carl B. Davis, Trustee, Plaintiff,**

**v.**

**Charlies Cars, Inc., Patrick Nelson Cruth, Defendants.**

**Bankruptcy No. 04–12241.
Adversary No. 04–5128.**

United States Bankruptcy Court,
D. Kansas.

Sept. 29, 2005.

---

Ricklin R. Pierce, Garden City, KS, for Debtor.

### MEMORANDUM OPINION

ROBERT E. NUGENT, Chief Judge.

Trustee Carl Davis filed this adversary proceeding to avoid the lien of Charlie's Cars, Inc. in a 1994 Buick Park Avenue as a preferential transfer under 11 U.S.C. § 547(b).[1] Because the car was claimed exempt by the debtor, the Trustee also seeks a determination of the parties' respective rights in it. The debtor is in default of answer. The Trustee and Charlie's Cars submitted this matter to the Court on stipulated facts [2] and briefs.[3] The Trustee timely filed his brief, but Charlie's Cars filed no response or brief in support of its position.[4] After careful review of the stipulations and authorities, the Court is now ready to rule.

*Jurisdiction*

This is a core proceeding over which the Court has subject matter jurisdiction.[5]

*Facts*

On March 8, 2004, the debtor signed a retail installment sale contract, purchasing a 1994 Buick Park Avenue from Charlie's Cars. To secure repayment of $4,493.34, the debtor granted a security interest in the Buick to Charlie's Cars and took delivery of it that day. While the stipulations do not so specify, the security interest likely secured the advance of purchase money. Charlie's Cars presented the debtor with a certificate of title, the reverse side of which contained "first re-

---

1. Subsequent statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* unless otherwise noted.

2. Dkt. 29.

3. *See* Pretrial Order, Dkt. 32, p. 8.

4. Dkt. 34.

5. 28 U.S.C. § 157(b)(2)(F); 28 U.S.C. § 1334(b).

assignment by licensed dealer" executed on March 8, 2004 by Charlie's Cars to debtor and identified Charlie's Cars as the lienholder.[6] On April 6, 2004, some 29 days later, Charlie's Cars filed its application for secured title with the Motor Vehicle Division of the Kansas Department of Revenue. On May 13, 2004, the Division issued a certificate of title showing Charlie's Cars as the lienholder on the face of the title. Charlie's Cars did not file a Notice of Security Interest ("NOSI") with the Division at anytime.

Debtor filed his bankruptcy petition on April 27, 2004, twenty-one days after the date of Charlie's Cars' application for secured title. Per the stipulations, Charlie's Cars filed no other documents in connection with the transaction. The parties stipulate that the transfer occurred within 90 days of the bankruptcy filing, that the transfer enabled Charlie's Cars to receive more than it would have received in a chapter 7 liquidation had the transfer not been made, and that the debtor was insolvent at the time the security interest was transferred.

*Analysis*

To establish that the perfection of Charlie's Cars' security interest in the debtor's Buick was an avoidable preferential transfer, the trustee has the burden to establish five statutory elements.[7] The trustee must show by a preponderance of the evidence that a transfer of an interest in the debtor's property (here, a security interest in the vehicle)—(1) was made for the benefit of a creditor; (2) was for or on account of an antecedent debt; (3) was made while debtor was insolvent; (4) was made within 90 days before debtor filed bankruptcy; and (5) enabled Charlie's Cars to receive more than it would have received in a chapter 7 liquidation, had the transfer not occurred.[8]

The parties stipulate that the transfer meets all five elements of a preference under § 547(b) and the only issue here is whether Charlie's Cars can benefit from either the enabling loan defense contained in § 547(c)(3) or the 10-day "safe harbor" rule contained in § 547(e)(2). The Court concludes that neither of these subsections affords Charlie's Cars any comfort.

 The Kansas Uniform Commercial Code provides that compliance with the applicable titling statute, here KAN. STAT. ANN. § 8–135, is the equivalent of filing a financing statement.[9] KAN. STAT. ANN. § 8–135(c)(5) specifies that in order to perfect a purchase money lien in a motor vehicle, the secured party may complete and execute a "notice of security interest" ("NOSI") which must be mailed or delivered to the Division of Vehicles within 20 days of the *sale and delivery of the vehicle.* The Division holds the NOSI until it receives an application for a certificate of title and issues a certificate of title showing the lien on the title which, after January 1, 2003, is maintained electronically in the Division's main office at Topeka, Kansas.[10] As the statute states and this Court has held, the proper completion and

---

6. *See* KAN. STAT. ANN. § 8–135(c)(2) (2004 Supp.).

7. Section 547(g); *Bailey v. Big Sky Motors, Ltd. (In re Ogden),* 314 F.3d 1190, 1196 (10th Cir.2002); *Gonzales v. DPI Food Products Company (In re Furrs Supermarkets, Inc.),* 296 B.R. 33, 38 (Bankr.D.N.M.2003).

8. *See* § 547(b).

9. KAN. STAT. ANN. § 84–9–311(a) and (b) (2004 Supp.). *See also,* KAN. STAT. ANN. § 84–9–310(b)(3) (2004 Supp.) (Filing of financing statement unnecessary to perfect a security interest in property subject to a state certificate of title law).

10. KAN. STAT. ANN. § 8–135d(a).

timely mailing or delivery of the NOSI by the secured party serves to perfect the security interest in the motor vehicle on the date of mailing or delivery.[11] And as we alluded to in *Tholl,* the NOSI is the means by which a secured party can protect its interest if the buyer does not make application for a new certificate of title.[12] Further, for a purchase money security interest, KAN. STAT. ANN. § 84–9–317 (2004 Supp.) provides *automatic perfection* of a purchase money security interest upon its attachment for a period of twenty days. If the security interest is then perfected by filing within the twenty day period, (or, in this case, compliance with a titling statute as provided in KAN. STAT. ANN. § 8–135(c)(5)), that perfection relates back to the date the security interest attached.[13]

If Charlie's Cars' security interest in the Buick was a non-purchase money security interest, KAN. STAT. ANN. § 8–135(c)(6) would govern perfection. Under this section, when a previously titled vehicle is sold, the transferor is required to assign and deliver the certificate of title to the transferee within 30 days.[14] When a person acquires a security interest subsequent to the issuance of the original title on a vehicle, the secured party shall require surrender of the certificate of title, signature on an application for "mortgage title," and *immediately* deliver the certificate of title to the Division of Motor Vehicles.[15] Thus, even if Charlie's Cars' lien was not a purchase money security interest, it failed to comply "immediately" as § 8–135(c)(6) requires.

Here, Charlie's Cars did not file either a NOSI or an application for secured title before the expiration of the twenty day period. Thus, its security interest is deemed perfected as of April 6, 2004, well within the 90–day look-back period under § 547(b). Had Charlie's Cars filed either the NOSI or the secured title application within 20 days of March 8, 2004, Charlie's Cars could have benefitted from the enabling loan exception in § 547(c)(3). That subsection provides that the perfection of a purchase money security interest within 20 days of possession of the property is a transfer that is excepted from § 547(b)'s ambit. Section § 547(e)(2)(B) further provides that if a transfer is not perfected within 10 days after it takes effect, it is deemed to be perfected as of the date of perfection, here, April 6, 2004.[16] Defen-

---

**11.** KAN. STAT. ANN. § 8–135(c)(5) (2004 Supp.); *Morris v. Advantedge Quality Cars, L.L.C. (In re Tholl),* 2004 WL 2334543 at *2 (Bankr. D.Kan. Feb. 17, 2004) (Nugent, C.J.) (concluding that the vehicle delivery date is the operative date from which the twenty day period described in both KAN. STAT. ANN. § 8–135(c)(5) and § 547(c)(3) begins to run); *Morris v. Bennington State Bank (In re Moravec),* Adv. No. 03–5298; Case No. 03–12623, 2005 WL 2401015 (Bankr.D.Kan. July 29, 2005) (Nugent, C.J.), *appeal dismissed,* No. KS–05–072 (10th Cir. BAP Sept. 27, 2005) (Determining that reverse side of existing certificate of title showing assignment to buyer and Bank as lienholder was insufficient to perfect security interest in vehicles).

**12.** *See Lentz v. Bank of Independence (In re Kerr),* 598 F.2d 1206, 1209 (10th Cir.1979) (noting that the NOSI procedure has been in place since 1975 amendment to the law).

**13.** *See* KAN. STAT. ANN. § 84–9–317(e), Official UCC Comment 8 ("It follows that a person who perfects a security interest in goods covered by a certificate of title by complying with the perfection requirements of an applicable certificate-of-title statute 'files a financing statement' within the meaning of subsection (e)."); KAN. STAT. ANN. § 84–9–311(b).

**14.** K.S.A. § 8–135(c)(6).

**15.** *Id.*

**16.** Under the safe harbor provision of § 547(e)(2)(A), perfection effectively relates back to the date of the transfer if the perfection occurs within ten (10) days.

dant is therefore unable to avail itself of either the enabling loan exception or the safe-harbor rule and the April 6, 2004 perfection of Charlie's Cars' security interest is an avoidable preference. Its lien should be preserved for the benefit of the estate pursuant to § 551.

At the Trustee's instance, the Court entered an order on March 17, 2005 directing that the debtor continue to make his monthly contract payments to Charlie's Cars pending the outcome of this adversary proceeding and that Charlie's Cars account to the Trustee for any payments it had received on or after that date in the event the Trustee prevailed on his complaint. On May 16, 2005, again at the Trustee's request, the Court modified the earlier order and required that the debtor make his payments directly to the Trustee *pendente lite.* It appears that no payments were made to Charlie's Cars after June 4, 2004. To the extent that Charlie's Cars has received any payments on or after March 17, 2005, the same should be turned over to the Trustee.

Judgment should therefore be entered for the Trustee and against Charlie's Cars, Inc. avoiding the lien of the defendant in the Buick and preserving same for the benefit of the estate. Debtor Patrick Cruth maintains an ownership interest in the vehicle subject to that lien. Further, Charlie's Cars, Inc. should turn over any funds received in respect of the lien on or after March 17, 2005. A Judgment on Decision will be entered this date.

### JUDGMENT ON DECISION

This is an adversary proceeding by the trustee Carl Davis to avoid as a preferential transfer under 11 U.S.C. § 547(b), Charlie's Cars, Inc.'s security interest in a 1994 Buick Park Avenue. Charlie's Cars failed to submit a notice of security interest as provided under Kansas' certificate

of title statute, KAN. STAT. ANN. § 8–135(c)(5) (2004 Supp.) for perfecting a security interest in a motor vehicle. The Court concludes that Charlie's Cars perfected its security interest within the 90–day look-back period of § 547(b)(4)(A) but outside the 20–day period permitted by § 547(c)(3)(B) and the 10–day period permitted by § 547(e)(2). Charlie's Cars's lien is therefore avoided as a preferential transfer and is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. To the extent that Charlie's Cars has received any payments on the car from debtor on or after March 17, 2005, the same should be turned over to the Trustee.

JUDGMENT is entered in favor of the Trustee on his complaint. The lien of Charlie's Cars, Inc. in the 1994 Buick Park Avenue is avoided and preserved for the benefit of the estate. IT IS FURTHER ORDERED that Charlie's Cars, Inc. turnover any funds received on or after March 17, 2005 in respect of the lien.